IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUILLERMO ZARCO VILLASENOR,<br>    ID # 78308-097,<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>No. 3:22-CV-1781-M-BT<br>No. 3:19-CR-373-M(2) |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on August 12, 2022 (doc. 1), is **DENIED** with prejudice.

### I.     BACKGROUND

Guillermo Zarco Villasenor (Movant) challenges his federal conviction and sentence in Cause No. 3:19-CR-373-M(2). The respondent is the United States of America (Government).

**A.     Conviction and Sentencing**

After first being charged by complaint, Movant was charged by indictment with one count of conspiracy to possess with intent to distribute a controlled substance (Count One), and one count of possession with intent to distribute a controlled substance (Count Two). (*See* docs. 1, 22.)[1] He pled guilty to Count Two under a plea agreement. (*See* docs. 66, 71.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 80-1.) The PSR held Movant accountable for 49,179 kilograms of converted drug weight based on controlled drug transactions involving d-

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:19-CR-373-M(2).

methamphetamine hydrocholoride (ice) and marijuana quantities supplied by Movant and a co-defendant to a confidential human source (CHS) in person or by mail, including one mailed drug transaction that was stolen by an unidentified co-conspirator. (*See id.* at ¶¶ 12, 16.) His base offense level was 36 based on the quantity of drugs for which he was held accountable. (*See id.* at ¶ 22.) Two levels were added because the offense involved methamphetamine imported from Mexico and Movant was not subject to a mitigating role adjustment, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. (*See id.* at ¶¶ 23, 28-30.) Based on a total offense level of 35 and a criminal history category of I, his guideline imprisonment range was 168 to 210 months. (*See id.* at ¶ 54.)

Regarding the stolen drug transaction, Movant objected that he should be held accountable for a kilogram quantity of methamphetamine, rather than ice, on the basis that there was insufficient evidence to show that the purity of the stolen methamphetamine qualified as ice. (*See* doc. 108 at 2-5.) Movant also requested a downward variance on the basis that he was not a leader or organizer in the offense, but instead worked and acted at the direction of his co-defendant. (*See id.* at 5-8.) In a PSR addendum addressing Movant's objections, the USPO supported the PSR as written. (*See* doc. 110-1.)

After hearing arguments by the parties at Movant's sentencing hearing, the court overruled the objection regarding the stolen drug package and determined that a modest downward variance from the applicable guidelines range was appropriate. (*See* doc. 121.) By judgment dated February 8, 2021, the court sentenced Movant to 150 months' imprisonment, to be followed by three years of supervised release. (*See* doc. 114 at 1-3.) The Fifth Circuit dismissed his appeal as frivolous, and Movant did not file a petition for a writ of certiorari with the Supreme Court. (*See* docs. 125-26.)

B. **<u>Substantive Claims</u>**

In his § 2255 motion, Movant asserts multiple grounds of ineffective assistance of counsel. (*See* No. 3:22-CV-1781-M-BT, doc. 1 at 4-8.) The Government filed a response on December 9, 2022. (*See id.*, doc. 13.) Movant did not file a reply.

## II.   SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that counsel rendered ineffective assistance in connection with sentencing. (*See* No. 3:22-CV-1781-M-BT, doc. 1 at 4-8; *id.*, doc. 2 at 5-19.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance

was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.     Deportable Defendant**

Movant contends that counsel was ineffective because he did not seek a downward departure or variance based on Movant's status as a deportable defendant. (*See* No. 3:22-CV-1781-M-BT, doc. 1 at 4; *id.*, doc. 2 at 5-8.) He complains that because of his deportable status, he is ineligible to participate in certain prison programs, to be assigned to a minimum security prison, or for pre-release placement in a halfway house or home confinement. (*See id.*, doc. 2 at 5-8.) He alleges that counsel should have moved for a downward departure or variance on the bases that his ineligibility to benefit from said programs, assignment, and pre-release placement violated his equal protection rights and that the sentence would cause a fortuitous increase in the severity of

4

his sentence under *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). (*See id.*, doc. 1 at 4; *id.*, doc. 2 at 5-7.)

Even assuming for purposes of this motion only that counsel was deficient for failing to seek a downward departure or variance based on Movant's status as a deportable defendant as alleged, *Strickland* also requires a showing of resulting prejudice, i.e., a reasonable probability that the result of the proceedings would have been different but for counsel's alleged deficiency. In the sentencing context, this requires a showing that the alleged deficiency of counsel created a reasonable probability that Movant's sentence would have been less harsh. *See, e.g., Glover v. United States*, 531 U.S. 198, 200 (2001).

Here, the record establishes that the court was advised about and was aware of Movant's status as a deportable alien. (*See* doc. 80-1 at 2, ¶¶ 31, 41, 59; doc. 121 at 15, 17-20.) Further, Movant's equal protection challenges have been rejected by the courts and he identifies no binding or persuasive authority holding otherwise; nor has he shown that a departure or variance from the guidelines based on his status would have been reasonable. *See, e.g., Constantino-Garrido v. United States*, Civil No. M-10-388, 2013 WL 12357599, at *9 (S.D. Tex. June 14, 2013); *see also Smith*, 27 F.3d at 655 (discussing rarity of circumstances that would justify downward departure based on deportable status). Movant provides no facts or evidence sufficient to show a reasonable probability that counsel would have been successful in obtaining a downward departure or variance based on Movant's status as a deportable alien and that Movant's sentence would have been less harsh had counsel sought such a departure or variance. He has not satisfied his burden to show prejudice under the second prong of *Strickland*, and the claim is denied.

**B.    Safety Valve**

Movant contends that counsel was ineffective because he "failed [to] pursue [a] downward

departure under the safety valve provision USSG Section 5C1.2." (No. 3:22-CV-1781-M-BT, doc. 2 at 9; *see also id.*, doc. 1 at 5.)

Section 5C1.2(a) of the sentencing guidelines "include[s] a safety-valve provision, which generally mirrors [18 U.S.C.] § 3553(f), and provides a two-level offense level reduction for defendants who satisfy the safety-valve requirements." *United States v. Jenkins*, No. 22-30557, 2023 WL 4351241, at *1 (5th Cir. July 5, 2023) (citing U.S.S.G. §§ 2D1.1(b)(18), 5C1.2(a)(1)). It, like its § 3553(f) reflection, "exempts certain defendants convicted of controlled-substance offenses from mandatory-minimum sentences," if they meet the criteria set forth in § 3553(f)(1)-(5). *United States v. Montero*, No. 21-30767, 2023 WL 2400746, at *1 (5th Cir. Mar. 8, 2023).

Here, the record shows that Movant pled guilty to a drug possession offense under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See* docs. 22, 66, 71, 114.) His offense of conviction does not carry a statutory minimum sentence. (*See* doc. 122 at 13-14); *Terry v. United States*, 593 U.S. 486, 497 (2021) (Sotomayor, J., concurring) ("As a baseline, § 841(b)(1)(C) specifies a maximum penalty of 20 years imprisonment, with no mandatory minimum."). Because his offense did not have a statutory minimum sentence from which he could have received relief under the safety-valve provision of § 5C1.2(a), any argument raised by counsel under this provision would have been without merit. As counsel is not deficient for failing to raise a meritless argument, Movant has failed to satisfy the first prong of *Strickland*. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Because Movant has not identified a meritorious basis upon which counsel could have argued for a reduction to his offense level under the safety valve provision of § 5C1.2, he also has failed to show *Strickland* prejudice. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful

ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Movant has failed to satisfy both *Strickland* prongs, and the claim is denied.

C. **Mitigating Role Reduction**

Movant contends that counsel was ineffective for failing to seek a mitigating role reduction under U.S.S.G. § 3B1.2. (*See* No. 3:22-CV-1781-M-BT, doc. 1 at 7; *id.*, doc. 2 at 11-12.)

Under § 3B1.2 of the sentencing guidelines, a defendant who is a "minimal participant" receives a four-level reduction to his offense level, a defendant who is "minor participant" receives a two-level reduction, and a defendant falling between those two categories receives a three-level reduction. *See* U.S.S.G. § 3B1.2. This section applies only to a defendant who plays a part in committing the offense that makes him "substantially less culpable" than the average participant in the criminal activity. U.S.S.G. § 3B1.2, cmt. n.3(A); *see also United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992) ("Even if other codefendants were more culpable, that does not automatically qualify [defendant] for either minor or minimal status. Each participant must be separately assessed.").

Here, Movant presents only conclusory statements that the facts set forth in the PSR detailing his and his co-defendant's respective roles in the criminal activity and the arguments raised by counsel – both in a motion for a downward variance and at the sentencing hearing – establish that he was a minor or minimal participant in the offense under § 3B1.2.[2] (*See* No. 3:22-CV-1781-M-BT, doc. 2 at 11-12.) Although counsel did not seek a mitigating role adjustment

---

[2] Movant also makes conclusory allegations unsupported by the record. (*See* No. 3:22-CV-1781-M-BT, doc. 2 at 11.) "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). His unsubstantiated and conclusory allegations are insufficient to carry his burden under *Strickland* and do not save his claim.

7

under the sentencing guidelines in objections to the PSR, he moved for a sentence reduction based on Movant's role in the offense in comparison to his co-defendant, and the court expressly considered whether a mitigating role adjustment was appropriate in Movant's case at the sentencing hearing. (*See* doc. 108; doc. 121 at 6-7. 13-15.) The court decided that a modest downward variance – but not one amounting to a mitigating role adjustment – was warranted to reflect the different roles of Movant and his co-defendant. (*See* doc. 121 at 17.) On this record, Movant fails to show a reasonable probability that his sentence would have been less harsh had counsel further sought a role adjustment under § 3B1.2. Because his allegations fail to satisfy the second prong of *Strickland*, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). The claim is denied.

D.     **Acceptance of Responsibility**

Movant contends that counsel was ineffective because he failed to move for a three-level reduction to Movant's offense level for acceptance of responsibility, rather than only a two-level reduction. (*See* No. 3:22-CV-1781-M-BT, doc. 1 at 8; *id.*, doc. 2 at 13.)

The record shows that Movant received a three-level reduction to his offense level for acceptance of responsibility. (*See* doc. 80-1 at ¶¶ 29-30.) As such, he fails to show both that counsel was deficient for failing to further move for or request an offense level reduction that Movant had already received, and that he suffered prejudice as a result of counsel's alleged deficiency under *Strickland*. Movant's meritless claim is denied.

E.     **Drug Weight and Purity**

In his brief, Movant contends that counsel was ineffective because he failed to properly challenge the purity and quantities of the drugs attributed to him for purposes of sentencing. (*See* No. 3:22-CV-1781-M-BT, doc. 2 at 14-17.) He argues that counsel should have challenged the

8

drug quantities for which Movant was held accountable on the basis that the Government failed to establish that they could be classified as ice, rather than as a mixture of methamphetamine as charged in the indictment. (*See id.*, doc. 2 at 16.) He also argues that counsel should have challenged the drug purity analysis as a violation of the confrontation clause under *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). (*See id.*, doc. 2 at 17.)

Movant's claim is without merit. Regarding his allegations that counsel should have challenged the computation of the drug quantities attributed to him as ice, rather than as a mixture of methamphetamine as charged in the indictment, the Fifth Circuit has held that "[r]egardless of the language of the indictment, the [Sentencing] Guidelines advise the district court to apply the offense level determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level." *United States v. Aparicio*, 963 F.3d 470, 475 (5th Cir. 2020); *see also United States v. Hernandez-Alcantar*, No. 19-40505, 2023 WL 107524, at *1 (5th Cir. Jan. 4, 2023) ("'The choice of which [methamphetamine] multiplier to use is not determined by the language of the indictment.'"). Because the computation of the methamphetamine quantities as ice was proper under the guidelines, any objection by counsel would have been without merit. Additionally, because Movant has no right of confrontation at his sentencing hearing, any challenge by counsel based on same would have been without merit. As explained, counsel is not deficient for failing to make a meritless argument, and Movant therefore fails to satisfy the first prong of *Strickland*. *See Sones*, 61 F.3d at 415 n.5.

Since Movant has not identified a meritorious basis upon which counsel could have challenged the drug purity or quantities attributed to him, he also has failed to show resulting prejudice under the second prong of *Strickland*. *See.Kimler*, 167 F.3d at 893. Because Movant has

9

failed to satisfy both *Strickland* prongs, the claim is denied.[3]

**F.     Constructive Amendment**

In his brief, Movant also contends that counsel was ineffective because he failed to challenge a constructive amendment of the indictment. (*See* No. 3:22-CV-1781-M-BT, doc. 2 at 17-19.) Movant's claim hinges on the premise that the indictment was constructively amended because he was sentenced based on quantities of ice attributed to him, rather than quantities of a mixture of methamphetamine as charged in the indictment, resulting in a harsher sentence. (*See id.*)

Movant's claim fails. The record shows, and Movant alleges, no discrepancy between the offense charged in Count Two of the indictment and the offense to which he pled guilty. (*See* doc. 22 at 2; doc. 114 at 1; doc. 122 at 12-15, 20.) That his guideline imprisonment range for purposes of sentencing was calculated in part based on drug quantities of ice, rather than a mixture of methamphetamine, did not alter his offense of conviction, and as previously explained, a defendant's offense level for an offense like Movant's is "determined by the weight of the pure methamphetamine in the mixture or substance," irrespective of the language contained in the indictment. *Aparicio*, 963 F.3d at 475. Accordingly, Movant fails to identify a meritorious basis on which counsel could have challenged the indictment; as such he has failed to show both deficiency of counsel and resulting prejudice under *Strickland*. The claim is denied.

**IV.     EVIDENTIARY HEARING**

To the extent Movant seeks an evidentiary hearing before this court on his claims, no

---

[3] Movant also appears to argue that counsel was ineffective for not challenging the purity of the stolen package of drugs that was attributed to him. (*See* No. 3:22-CV-1781-M-BT, doc. 2 at 15.) His claim is refuted by the record because counsel did in fact object and raise arguments on this basis in writing and at the sentencing hearing. (*See* doc. 108 at 2-5; doc. 121 at 5, 8-9.) His unsubstantiated allegations are without merit and do not satisfy his burden under *Strickland*. His claim is therefore denied on this additional basis.

evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## V.     CONCLUSION

For the foregoing reasons, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on August 12, 2022 (doc. 1), is **DENIED** with prejudice.

SO ORDERED.

SIGNED this 10th day of June, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE